JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NICODEMUS MORRIS

**(b)** County of Residence of First Listed Plaintiff: DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph Oxman, Oxman Goodstadt Kuritz PC; 1518 Walnut Street, Suite 1010, Phila, PA. 19102; 215-665-9999

## DEFENDANTS

WARDEN LAURA WILLIAMS, DEPUTY WARDEN ADAM SMITH, DEPUTY WARDEN DELE FALY, DEPUTY

County of Residence of First Listed Defendant: DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. Section 1983

Brief description of cause:
Deliberate Indifference to hazardous condition in County Jail

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ________ DOCKET NUMBER ________

DATE: November 12, 2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

10/2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

Place of Accident, Incident, or Transaction: George Hill Correctional Facility

***RELATED CASE IF ANY:*** Case Number:____________ Judge:____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):____________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

OXMAN, GOODSTADT, & KURITZ
BY: JOSEPH **S. OXMAN, ESQUIRE**
IDENTIFICATION NO: 207956
1518 Walnut Street, Suite 1010
Philadelphia, PA 19102
(215) 665-9999
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICODEMUS MORRIS<br>Plaintiff,<br>vs.<br><br>WARDEN LAURA WILLIAMS,<br>DEPUTY WARDEN ADAM SMITH,<br>DEPUTY WARDEN DELE FALY,<br>DEPUTY WARDEN WILLIE BONDS,<br>UNKNOWN CORRECTIONAL<br>OFFICERS OF GEORGE HILL<br>CORRECTIONAL FACILITY and<br><br>THE COUNTY OF DELAWARE<br>Defendants | CIVIL ACTION NO<br><br>JURY TRIAL DEMANDED |

Plaintiff, Nicodemus Morris, by way of amended complaint against defendants, says:

**PARTIES**

1. Plaintiff, Nicodemus Morris, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1001 Avenue of the States, Chester, PA.

2. At relevant times alleged herein, Plaintiff was an inmate confined at the George Hill Correctional Facility, Thorton, PA.

3. Defendants Warden Laura Williams (hereinafter referred to as "Williams"), Deputy Warden Adam Smith (hereinafter referred to as "Smith"), Deputy Warden Dele Faly (hereinafter referred to as "Faly), Deputy Warden Willie Bonds (hereinafter referred to as "Bonds") and Unknown Correctional Officers (hereinafter referred to as "Unknown COs") were George Hill

Correctional Facility Correctional Officers, as individuals, citizens and residents of the Commonwealth of Pennsylvania, who were, at all times relevant, employees of the George Hill Correctional Facility and the County of Delaware, acting individually, under color of law and within the scope of their respective duties.

4. Defendant, County of Delaware, operates and maintains The George Hill Correctional Facility, Thorton, PA.

## JURISDICTION AND VENUE

5. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages [and injunctive/declaratory relief, if still detained] for violations of Plaintiff's rights secured by the Fourteenth Amendment to the United States Constitution.

6. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) (civil rights).

7. The Court has supplemental jurisdiction under 28 U.S.C. 1367 over Plaintiffs claims arising under State law, including but not limited to violations of The Pennsylvania Tort Claims Act, State Constitutional rights against defendants for intentional infliction of emotional distress and other causes of actions that are related to the claims within the Court's original jurisdiction and form part of the same case or controversy under Article 3 of the United States Constitution.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to Plaintiff's claims occurred within this judicial district, and Defendants reside or conduct official business herein.

## FACTUAL ALLEGATIONS

9. On or about November 27, 2024, Plaintiff was confined at George Hill Correctional Facility as a pretrial detainee awaiting trial on criminal charges.

10. Plaintiff was housed in a cell, where a severe, dangerous physical condition existed—specifically massive flooding in and around plaintiff's cell and several other cells on his block which caused plaintiff to slip and fall on his back.

11. This condition posed an objectively serious and substantial risk of harm to Plaintiff's health and safety.

12. Defendants had actual and constructive knowledge of this dangerous condition prior to Plaintiff's injury because:

- Fact 1: e.g., The condition was open, obvious, and visible during daily rounds conducted by Defendants.
- Fact 2: e.g., Plaintiff notified Defendants and submitted written maintenance/grievance requests #513025851 warning of the hazard.
- Fact 3: e.g., other detainees had previously complained about or been injured by the same defect.

13. Despite having the authority and ability to abate the hazard—such as by placing a work order, relocating Plaintiff to a safe cell, or blocking off the hazardous area—Defendants intentionally and recklessly failed to take reasonable available measures to eliminate or mitigate the risk.

14. As a direct and proximate result of Defendants' failure to act, on November 27, 2024, Plaintiff slipped and fell as a result of the unaddressed cell block flooding and suffered post-traumatic concussion/headaches, Sprain of ligaments to lumbar and cervical spine,

Radiculopathy of the lumbar and cervical region, Segmental and Somatic dysfunction of the cervical, thoracic, lumbar and sacral regions and severe pain to his right and left knees.

**COUNT ONE**
**PLAINTIFF NICODEMUS MORRIS VS. DEFENDANTS WARDEN LAURA WILLIAMS, DEPUTY WARDEN ADAM SMITH, DEPUTY WARDEN DELE FALY, DEPUTY WARDEN WILLIE BONDS, UNKNOWN CORRECTIONAL OFFICERS OF GEORGE HILL CORRECTIONAL FACILITY and THE COUNTY OF DELAWARE**
**42 U.S.C. § 1983 – Fourteenth Amendment Due Process *Deliberate Indifference to Dangerous Conditions of Confinement***

15. Plaintiff incorporates by reference Paragraphs 1 through 14 as though fully set forth herein.

16. As a pretrial detainee, Plaintiff had a clearly established right under the Due Process Clause of the Fourteenth Amendment to be housed in safe, humane conditions free from unreasonable risks of serious harm.

17. Individual Defendants acted intentionally with respect to the conditions under which Plaintiff was confined.

18. The conditions described herein put Plaintiff at substantial risk of suffering serious harm.

19. Individual Defendants failed to take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of Defendants' conduct obvious.

20. Defendants' conduct was objectively unreasonable and constituted deliberate indifference to Plaintiff's health and safety.

21. As a direct and proximate cause of Defendants' unconstitutional conduct, Plaintiff suffered the physical and emotional injuries described above.

**COUNT TWO**
**PLAINTIFF NICODEMUS MORRIS VS. DEFENDANTS WARDEN LAURA WILLIAMS, DEPUTY WARDEN ADAM SMITH, DEPUTY WARDEN DELE FALY, DEPUTY WARDEN WILLIE BONDS, UNKNOWN CORRECTIONAL OFFICERS OF GEORGE HILL CORRECTIONAL FACILITY and THE COUNTY OF DELAWARE**
**NEGLIGENCE (PREMISES LIABILITY)**
**(Pursuant to 42 Pa.C.S. § 8542(a) and § 8542(b)(3))**

22. Plaintiff incorporates by reference Paragraphs 1 through 21 as though fully set forth herein.

23. Defendants are not immune from liability because Plaintiff's claims fall squarely within the Real Property Exception to governmental immunity set forth at 42 Pa.C.S. § 8542(b)(3), as the injuries were caused by Defendants' negligent care, custody, and control of real property in their possession.

24. Plaintiff's damages would be recoverable under Pennsylvania common law if the injuries had been caused by a private landowner not having available a defense of governmental immunity, thereby satisfying 42 Pa.C.S. § 8542(a)(1).

25. Defendants owed Plaintiff a duty of reasonable care to inspect, maintain, and repair the physical premises of the Jail and to keep the facility free from dangerous structural defects.

26. Defendants breached their duty of care by acting negligently and carelessly in one or more of the following respects:

a. Failing to properly inspect, maintain, and repair the internal plumbing of the jail which caused the flooding of plaintiff's cell block;

b. Allowing a known dangerous structural condition to remain unabated;

c. Failing to remediate water/debris accumulation originating from defective building infrastructure;

d. Failing to place warning signs, barriers, or mats around the hazard;

e. Violating applicable Pennsylvania building, safety, and correctional facility maintenance codes.

27. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred and will continue to incur medical and rehabilitative expenses exceeding $1,500.00, has suffered a permanent loss of bodily function and/or permanent disfigurement, has suffered loss of earnings and earning capacity, and has endured severe physical pain and suffering.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, for compensatory damages in an amount in excess of the compulsory arbitration limits of this Court, together with lawful interest, costs of suit, and such other relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, and award:

28. Compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

29. Punitive damages against the Individual Defendants in their individual capacities for their reckless and callous indifference to Plaintiff's federally protected rights;

30. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

31. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

**32.** Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted by,

Joseph Oxman, Esquire

# VERIFICATION

The undersigned hereby verifies that the within document is based on first-hand information and on information furnished to counsel and obtained by him in the course of this lawsuit. The language of the document is that of counsel and not of the affiant. To the extent that the contents of the document are based on information furnished to counsel and obtained by him during the course of this lawsuit, affiant has relied upon counsel in taking this verification. All statements are founded upon reasonable belief. This verification is made subject to the penalties of 18 Pa.C.S. Section 4904, relating to unsworn falsification to authorities.

PLAINTIFF